UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEANDRE JOVON EVANS,

        Plaintiff,

  v.

                              Case No. 22-cv-976-pp

ANTHRAX, and WISCONSIN DEPARTMENT
OF HEALTH SERVICES DIVISION OF PUBLIC HEALTH,

        Defendants.

---

**ORDER DISMISSING CASE AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

        On August 25, 2022, the plaintiff—who is representing himself—filed a complaint against Anthrax and the Wisconsin Department of Health Services Division of Public Health. Dkt. No. 1. Although he filed the complaint and is the person bringing the lawsuit, the plaintiff has identified himself as the defendant. Id. at 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order screens the complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

        To decide whether to allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee. 28 U.S.C. §§1915(a). The civil case filing fee is $402 (including a $52 administrative fee that a plaintiff is not required to pay if the court allows him to proceed without prepaying the filing fee).

1

The plaintiff says that he is employed but clarifies that his employer is the Social Security Administration. Dkt. No. 2. He receives $950 per month from Social Security but pays $500 in rent and $900 in alimony or child support. Id. at 2. The plaintiff says that he owns a home, valued at approximately $70,000, and has cash, checking, savings or similar accounts (but does not provide the total in any such account). Id. at 3. He also claims to have other property of value but does not describe it. Id. at 4. Because the plaintiff failed to provide the information the court needs to decide whether he can afford to pay the filing fee, the court cannot grant his request to proceed without prepaying the filing fee at this time. As explained below, the court has additional concerns with this complaint.

**II.     Screening Requirement**

In cases where a plaintiff asks to proceed without prepaying the filing fee, the court must dismiss the case if it determines that the plaintiff's claims are "frivolous or malicious," fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

The court cannot determine what the plaintiff is alleging in his complaint. The complaint form requires the plaintiff to state who violated his rights, what each defendant did to violate his rights, when they did it, where it happened and why. Dkt. No. 1 at 2. The plaintiff articulated his claim as follows:

> Apologies insistence interval informal has it's objective insistings of Anthrax as to it's attendance just as well inactuals of it's submissive inquiry that essential's reassurance indeference(s) [sic].

Id. Typically, anthrax is considered to be an infectious disease rather than a suable entity. And the plaintiff did not explain what the Wisconsin Department of Health Services did to the plaintiff, when, where or why. Id.

A plaintiff must explain in a complaint who harmed him, how, when and where because federal courts are courts of limited jurisdiction. The court can hear only claims between citizens of different states if the amount in controversy is more than $75,000, 28 U.S.C. §1332, and claims involving a violation of federal law or the Constitution, 28 U.S.C. §1331. The plaintiff's complaint does not provide sufficient facts to demonstrate that this case involves either type of claim, which means the court does not have a basis for exercising its jurisdiction.

Although courts generally permit civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d

3

510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)). The plaintiff's allegations are incomprehensible and the court has no reason to believe that if it allowed the plaintiff to amend, he could cure that deficiency.

**III. Conclusion**

The court **ORDERS** that this case is **DISMISSED** because the plaintiff has failed to state a claim. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 23rd day of September, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**